UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

DANIEL RYAN MCGOUGH,
    PETITIONER
vs.
WASHTENAW COUNTY TRIAL COURT,
    RESPONDENT

Case No.:

Judge:

Case: 4:25−cv−10571
Assigned To : Kumar, Shalina D.
Referral Judge: Altman, Kimberly G.
Assign. Date : 2/26/2025
Description: Daniel Ryan McGough v. Washtenaw County Trial Court (JH)

## PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

 COMES NOW the Petitioner, Daniel-Ryan of the family McGough, and respectfully submits this Petition for a Writ of Habeas Corpus pursuant to Article I, Section 9, Clause 2 of the United States Constitution and 28 U.S.C. § 2241, seeking relief from the unlawful deprivation of his constitutional rights, including both his fundamental parental rights and his right to property.

 Petitioner is a natural-born man as in Genesis 1:26 and a National of the United States as defined under 8 U.S.C. § 1101(a)(22)(B). Petitioner is not a resident of the State of Michigan and as a sovereign man with unalienable rights endowed by the Creator, Petitioner asserts his constitutional protections and has challenged any assumptions of jurisdiction or unlawful assertion of detention. See:

- *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding that the burden of establishing jurisdiction rests upon the party asserting it).
- *Maxfield v. Levy,* 4 U.S. 330 (1797) (affirming the necessity of proving jurisdiction when challenged).

 Petitioner has been unjustly deprived of his fundamental rights, including his sacred parental rights, due to judicial misconduct and legal abuse by the Respondents. Additionally, Petitioner has been subjected to unlawful financial deprivation through improper wage garnishments, constituting an unconstitutional taking of his property without due process. The imposition of these financial penalties and liens, without proper due process before judgements, violates the fundamental protections guaranteed by the Fourth, Fifth, and Fourteenth Amendments.

Since November 20, 2024, Petitioner has been unlawfully restrained from exercising his parental rights, and since December 2019 Petitioner has placed his faith in this Court to uphold its duty under the law, yet has been met with judicial evasion and obstruction. Instead of ensuring justice, this Court has facilitated ongoing rights violations, forcing Petitioner to fight endlessly for his fundamental freedoms.

This Petition seeks the immediate restoration of Petitioner's parental rights, the cessation of all unconstitutional wage garnishments, and relief from any unlawful restraint or deprivation imposed upon him.

## JURISDICTION AND STANDING

This Court has jurisdiction pursuant to **28 U.S.C. § 2241** and **28 U.S.C. § 1331**, as Petitioner alleges violations of his constitutional rights.

Venue is proper in the Eastern District of Michigan, as the alleged unlawful actions giving rise to this Petition occurred within this district.

## FACTUAL BACKGROUND

1. **Coerced Relinquishment of Parental Rights:**
   On October 23, 2023, Petitioner was coerced into signing away his legal rights to his child under the threat that his physical parenting time would also be suspended. This coercion occurred without any evidence of harm or injury to the child, in direct violation of his due process rights.

2. **Filing for Custody and Parental Protections:**
   On November 4, 2024, Petitioner filed a motion for change in legal custody, equal parenting time, and to prevent the child's mother from making unilateral body modifications to the child without court approval.

3. **Ex Parte Suspension of Parenting Time:**
   On November 20, 2024, Judge Patrick J. Conlin Jr. suspended Petitioner's physical parenting time via ex parte, granting the child's mother's frivolous request [Attached Below] without evidence, a hearing, or even a notice with an opportunity to respond, violating Petitioner's procedural due process rights.

4. **Motion to Dissolve Ex Parte Order:**

    On November 25, 2024, Petitioner moved to dissolve the ex parte order, citing a lack of evidence and outlining a five-year pattern of legal abuse by the mother to alienate him from the child.

5. **Retaliatory Vexatious Litigator Motion:**

    On November 28, 2024, the mother's counsel filed a vexatious litigator motion and scheduled the hearing for December 12, 2024, in response for Petitioner's lawful efforts to regain custody.

6. **Judicial Obstruction of Petitioner's Claims:**

    On December 2, 2024, while still unable to contact his child, the court rescheduled Petitioner's previously scheduled motion(s) hearing from December 5, 2024, to coincide with opposing counsel's recently schedule **Vexatious Litigator Motion and Contempt Hearing**. This rescheduling further delayed Petitioner's ability to assert his parental rights, despite the unlawful suspension of his unalienable rights and substantive evidence of legal abuse by the child's mother.

7. **Mandamus Relief Sought:**

    On December 9, 2024, Petitioner filed a Writ of Mandamus with the Michigan Court of Appeals, seeking correction of unconstitutional rulings.

8. **Sanctions and Financial Barriers:**

    On December 12, 2024, Judge Patrick Conlin dismissed Petitioner's valid claims of parental alienation by use law enforcement and 3 unsubstantiated CPS investigations and instead continued the suspension of Petitions parental rights and awarded $6,000 in attorney fees to opposing counsel. Judge Conlin then placed a "judicial approval" requirement before Petitioner can file a motion in his case, and then requiring a $2,000 bond before Petitioner can file a motion with the Court Clerk. [Attached Below].

    Petitioner, the same day, Motioned to Dismiss and Recuse Judge Based On Violations of Due Process and started the formal Appeals process through the Michigan Court of Appeals No.: **373843**

9. **Jurisdictional Challenge with Quo Warranto:** On December 13, 2024, Petitioner filed a Writ of Quo Warranto in Washtenaw County Trial Court Case No.: 24-1701-AW, challenging Judge Conlins jurisdiction in depriving Petitioner of his parental rights without due process.

10. **Denial of Recusal and Jurisdictional Bias:** On January 15, 2025, Judge Adrianne E. Slay assumed over the case and summarily denied Petitioner's motion to recuse Judge Conlin, further entrenching judicial bias. Judge Slay then continued the suspension of Petitioners rights, unlawfully.

11. **Suppression of Exculpatory Evidence:** At an evidentiary hearing on January 24, 2025, the Judge Adrianne E. Slay suppressed exculpatory evidence that exonerated Petitioner, relied on impeached testimony, and continued the unlawful deprivation of his parental rights.

## LEGAL CHALLENGES AND VIOLATIONS

12. **Lack of Personal Jurisdiction:** The Washtenaw County Trial Court lacks lawful jurisdiction over the Petitioner. Michigan's judicial authority is derived from the Michigan Constitution (Article VI), not Article III of the United States Constitution, which governs federal judicial power. Because jurisdiction must be affirmatively proven, not assumed, all orders and proceedings affecting Petitioner's fundamental rights are void ab initio.

    Jurisdiction, once challenged, must be proven by the party asserting it. See:

    - McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) ("The burden of establishing jurisdiction rests upon the party asserting it.")
    - Maxfield v. Levy, 4 U.S. 330 (1797) (Requiring proper establishment of jurisdiction before a court can act.)

    The court's assumption of jurisdiction was based on fraudulent, misleading, or coerced agreements that violate fundamental contract law principles:

- **Restatement (Second) of Contracts § 163 (Misrepresentation Preventing Assent):** Petitioner did not knowingly consent to the legal agreements affecting his custody rights and financial obligations due to misrepresentation and concealment of material facts.
- **Restatement (Second) of Contracts § 164 (Contracts Induced by Fraud or Misrepresentation):** Any agreements concerning custody, child support, or wage garnishment were induced by fraud and are therefore unenforceable.

- **Restatement (Second) of Contracts § 175 (Duress by Threat):** Petitioner's parental rights were stripped, and financial penalties imposed under coercion—constituting duress, rendering the agreements voidable at the victim's discretion.

Since the orders against Petitioner stem from these void agreements, the Washtenaw County Trial Court never obtained valid jurisdiction over him. All actions against the Petitioner are legally void.

13. **No Corpus Delicti (Lack of Injury or Harm)**

    A fundamental principle of law is that for the state to restrict an individual's liberties, there must be an injured party (corpus delicti). In this case:

    - No crime has been alleged, nor has there been any finding of harm or injury to the child.
    - No probable cause exists to justify the suspension of Petitioner's parental rights or financial penalties.
    - The absence of an injured party or concrete legal justification renders all restrictions on Petitioner's liberty unconstitutional and unenforceable.

    Since no valid legal basis exists for depriving Petitioner of his parental or financial rights, all orders issued against him are void.

14. **Violation of Due Process & Right to Rescind**

    The Fifth and Fourteenth Amendments to the U.S. Constitution prohibit the government from depriving any person of life, liberty, or property without due process of law. The unlawful deprivation of Petitioner's parental rights and wages constitutes a violation of:

    - Procedural Due Process (denial of notice, hearing, and ability to defend against claims).
    - Substantive Due Process (violation of fundamental parental rights as recognized by Supreme Court precedent).

Fraudulent Orders Cannot Be Enforced

The custody and wage garnishment orders stem from legally void agreements, violating fundamental contract law and due process principles:

- Restatement (Second) of Contracts § 7 (Right to Rescind): Petitioner has exercised his right to rescind any agreement obtained through fraud or duress, yet the state continues to enforce orders based on these void agreements.
- 9 U.S.C. § 2 (Federal Arbitration Act): Courts cannot enforce contracts obtained through fraud, coercion, or duress. Since Petitioner never voluntarily consented to the imposed custody or financial penalties, these orders must be vacated.
- 18 U.S.C. § 1595 (Forced Labor & Human Trafficking Remedies): Wage garnishment without a lawful contractual basis, where Petitioner was fraudulently deprived of parental rights and then financially exploited, constitutes forced labor under duress. Under this statute, Petitioner is entitled to civil remedies against those enforcing this unlawful deprivation.

The Supreme Court has long upheld that parental rights are fundamental and may not be arbitrarily restricted by the state:

- Troxel v. Granville, 530 U.S. 57 (2000) -Affirming that parents have a fundamental right to the care, custody, and control of their children.
- Stanley v. Illinois, 405 U.S. 645 (1972) -Holding that depriving a parent of custody without due process is unconstitutional.
- Goldberg v. Kelly, 397 U.S. 254 (1970) -Establishing that deprivation of fundamental rights without a meaningful hearing is unconstitutional.

Because Petitioner was never afforded proper notice, a fair hearing, or a meaningful opportunity to contest these violations, all custody and wage garnishment orders must be set aside immediately.

15. **Clearfield Doctrine & Lack of Judicial Authority**

The Washtenaw County Trial Court, as a corporate entity operating under commercial law rather than a constitutionally established judicial body, lacks lawful authority to preside over cases affecting the Petitioner's fundamental rights.

Under Clearfield Trust Co. v. United States, 318 U.S. 363 (1943):

- A government that functions as a private corporation cannot enforce statutes or policies as law unless there is a valid contract or agreement between the parties.
- If a court or agency operates outside its constitutional capacity and instead under corporate or commercial law, its orders lack the force of law when applied to a sovereign man without a binding contractual nexus.

Since the Washtenaw County Trial Court has failed to establish constitutional jurisdiction over the Petitioner, its actions—including any orders concerning parental rights or property—are legally null and void.

16. **Bond v. United States, 529 U.S. 334 (2000)**

    - The Supreme Court reaffirmed that government action against an individual must be lawful and constitutional.
    - Held that state and federal officials may be held personally liable for violating constitutional rights.

17. **Unconstitutionality of Statutes, Codes, and Regulations Without Due Process**

    - Any state action that deprives an individual of fundamental rights without due process is unconstitutional.
    - Rodriguez v. Ray Donovan, 769 F.2d 1344, 1348 (1985) ("Statutes, codes, and regulations cannot be used to violate constitutional rights without due process protections.")

18. **Cease and Desist Notices to Washtenaw County Trial Court**

    Petitioner has repeatedly challenged the unlawful wage garnishment imposed upon him by the Washtenaw County Trial Court. On December 9, 2024, and again on January 9, 2025, Petitioner sent formal cease and desist notices to the court, demanding an end to the improper withholding of his wages. These notices were ignored, and the garnishment has continued without proper legal basis, violating Petitioner's fundamental rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

19. **Lack of Evidence Injury in Fact & Absence of Due Process**

    The original child support order was issued without evidence of injury in fact, rendering it constitutionally defective. It was imposed without a jury trial, violating Petitioner's right to proper due process before being subjected to financial penalties and deprivation of property. The Supreme Court has repeatedly affirmed that due process protections must be provided before an individual's rights, including financial assets, are restricted. See Goldberg v. Kelly, 397 U.S. 254 (1970) (holding that the termination of public benefits without a hearing violates due process).

20. **Improper Application of Title IV-D Child Support Enforcement**

    Under federal law, specifically Title IV-D of the Social Security Act (42 U.S.C. §§ 651-669b), child support enforcement mechanisms—including wage garnishment—are designed for non-custodial parents who fail to provide support for their children. Petitioner is and always has been an active and involved father in his child's life. The use of Title IV-D against him is an abuse of federal funding mechanisms and a misapplication of the law. See Turner v. Rogers, 564 U.S. 431 (2011) (holding that Title IV-D does not create an absolute right to enforcement and due process is still).

21. **Violation of Constitutional Protections Against Unlawful Takings**

    The ongoing garnishment of Petitioner's wages constitutes an unlawful taking of property without just compensation, violating the **Takings Clause of the Fifth Amendment**, as incorporated against the states by the Fourteenth Amendment. Government action that deprives a citizen of property without proper legal justification is unconstitutional and must be overturned. See Phillips v. Washington Legal Foundation, 524 U.S. 156 (1998) (holding that government interference with private funds constitutes a taking under the Fifth Amendment).

## PRAYER FOR RELIEF

Petitioner, with the utmost respect for this Honorable Court and in reverence to the Creator, submits this petition seeking immediate relief from unlawful judicial actions that have deprived him of his fundamental parental rights. Petitioner has been unjustly denied contact with his child since November 11, 2024, due to fraudulent judicial restrictions, abuse of power, and the enforcement of corporate policies that lack lawful authority. These unconstitutional barriers have stripped Petitioner of his natural rights and forced him to seek justice in the United States District Court, as the state court has repeatedly violated his due process rights and acted without jurisdiction. Petitioner demands the immediate dismissal of all fraudulent orders restricting his parental rights and a permanent injunction against any further judicial overreach that interferes with his ability to care for and maintain a relationship with his child.

In the name of truth and justice, Petitioner prays that this Honorable Court grants the relief sought, restores his fundamental rights, and upholds the principles of due process and equal protection under the law.

WHEREFORE, Petitioner respectfully prays that this Court grant the following relief:

1. **Declare the State Court Proceedings Void** – Issue a declaratory judgment finding that the Washtenaw County Trial Court has acted without proper jurisdiction, rendering all orders against the Petitioner, including wage garnishments and custody restrictions, void ab initio.

2. **Immediate Restoration of Parental Rights** – Order the full reinstatement of Petitioner's 50/50 physical custody and 50/50 legal custody over his child, given the due process violations, jurisdictional defects, and the coercive nature of prior court actions.

3. **Immediate Termination of Unlawful Wage Garnishments** – Order the immediate cessation of all wage garnishments, liens, and any other financial encumbrances placed upon the Petitioner's income without due process, a jury trial, or proper jurisdiction.

4. **Injunction Against Further Deprivation of Rights and Property** – Enjoin the Respondents, including any agents or representatives of the State of Michigan, from further interfering with Petitioner's fundamental parental rights and financial assets absent a valid and lawful showing of jurisdiction and due process.

5. **Investigation and Remedies for Judicial Misconduct** –
   a) Order an independent investigation into violations of 42 U.S.C. § 1983 by state actors, including judges and attorneys, for unlawful deprivation of Petitioner's rights under color of law.
   b) Recommend appropriate disciplinary actions, including potential civil and criminal penalties, for those found complicit in such violations.

6. **Award Legal and Equitable Relief** – Grant any further relief that this Court deems just and proper, including the potential award of damages, attorneys' fees, and costs associated with Petitioner's efforts to defend his constitutional rights.

Respectfully submitted,

x_____, mcm
Daniel R. McGough
P.O. Box 970081
Ypsilanti, MI 48197
(313) 348-0459
dryan616@icloud.com

---

**Notary Acknowledgment**
State of Michigan
County of Washtenaw

On this **26th** day of **February, 2025**, before me, __PROMILA TALWAR__ personally appeared **Daniel Ryan McGough**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same in his/her authorized capacity, and that by his signature on the instrument, the person executed the document.

IN WITNESS WHEREOF,

I hereunto set my hand and official seal.

Notary Public Signature __Promila Talwar__     (Notary Seal)
02/26/2025

PROMILA TALWAR
Notary Public - State of Michigan
County of Washtenaw
My Commission Expires Jul 21, 2025
Acting in the County of Washtenaw

[ATTATCHED EXHIBIT A]

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ALYSSA RACHELLE LEWIS,
          Plaintiff,

vs

DANIEL RYAN MCGOUGH,
          Defendant.

Case No. 19-2734 DC

Honorable Patrick J. Conlin, Jr.

**ORDER PERMITTING DEFENDANT'S MOTION FOR ABATEMENT OF PARENTING TIME RESTRICTIONS AND WAGE GARNISHMENT**

At a Session of the Court held in the
Washtenaw County Courthouse in
the City of Ann Arbor, on December 20, 2024

**PRESENT: HONORABLE PATRICK J. CONLIN, JR., Circuit Court Judge.**

On December 12, 2024, this Court ordered that Defendant must seek judicial approval prior to filing a motion. Defendant seeks to file a Motion for Abatement of Parenting Time Restrictions and Wage Garnishment.

**IT IS HEREBY ORDERED** that Defendant may file his Motion for Abatement of Parenting Time Restrictions and Wage Garnishment upon posting of a bond in the amount of $2,000.00 with the Clerk of the Court as previously ordered.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept any new filings by Defendant until and unless the $2,000.00 bond is posted.

IT IS SO ORDERED.

_____
Patrick J. Conlin, Jr.
Circuit Court Judge

FILED

DEC 20 2024

WASHTENAW COUNTY, MI
CLERK OF THE COURT

[ATTATCHED EXHIBIT B]

| STATE OF MICHIGAN 22ND JUDICIAL CIRCUIT FAMILY DIVISION WASHTENAW COUNTY | EX PARTE ORDER FOR CUSTODY/PARENTING TIME AND/OR CHILD SUPPORT | CASE NO. 19-2734-DC HON. Judge Conlin |
|---|---|---|
| P.O. Box 8645, Ann Arbor, MI 48107-8645 | | Court telephone number: (734) 222-3001 |

| Plaintiff's name, address and telephone number: Alyssa McCloskey 6988 McKean Rd Lot 72 Ypsilanti MI 48197 734-927-2196 | V | Defendant's name, address and telephone number: Daniel McGough 1173 Hunter Ave Ypsilanti MI 48197 313-938-8092 |
|---|---|---|

Date of Order: NOV 20 2024

1. The Court has reviewed Plaintiff's request for an ex-parte Order, and the factual statements made in support of that request in the documents submitted.

2. The Court is satisfied that ☒ irreparable injury, loss or damage will result from the delay required to effect notice; and/or that ☐ notice itself will precipitate adverse action before an order can issue.

3. The Court also finds that:

☐ The *ex parte* order will not change the child(ren)'s established custodial environment; OR

☐ There is clear and convincing evidence that the best interests of the child(ren) require a change in the established custodial environment.

IT IS ORDERED:

Defendant's parenting time is suspended until further order of the Court.

IT IS FURTHER ORDERED THAT a copy of this Order (with attached Notice) and the Motion or Affidavit upon which the Order is based are to be served upon the Defendant, with service of the Summons and Complaint.

_____
Family Division Judge