UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RYAN MCGOUGH,

    Petitioner,                                    Case No. 25-cv-10751

v.                                                HON. MARK A. GOLDSMITH

WASHTENAW COUNTY
TRIAL COURT,

    Respondent.
_____/

**OPINION & ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, VACATING THE ORDER REFERRING MATTERS TO THE MAGISTRATE JUDGE (Dkt. 9),  DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Daniel Ryan McGough filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, et seq.  In his application, Petitioner challenges the decision by the Washtenaw County Circuit Court to terminate his parental rights, to award custody of his minor child to the child's mother, to award child support to the mother, and to impose various other financial obligations upon Petitioner.

For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily denied.  The order referring all pre-trial matters to Magistrate Judge David R. Grand will be rescinded.

## I. BACKGROUND

Petitioner alleges that, on October 23, 2023, he was coerced into signing away his legal rights to his child by threats that his right to physical parenting time with the child would be suspended if he did not agree to do so.

On November 4, 2024, in Washtenaw County Circuit Court, Petitioner filed a motion for legal custody, for equal parenting time, and to prevent the child's mother from making unilateral body modifications to the child without court approval.

Petitioner alleges that on November 20, 2024, Judge Patrick J. Conlin of the 22nd Circuit Court in Washtenaw County suspended Petitioner's parental rights ex parte. Petitioner characterizes the Judge's order as one granting the mother's frivolous request without giving Petitioner proper notice or an opportunity to respond.

On November 25, 2024, in Washtenaw County Circuit Court, Petitioner moved to dissolve the ex parte order. Counsel for the child's mother responded by filing a vexatious litigator motion against Petitioner.

On December 12, 2024, Judge Conlin dismissed Petitioner's claims of parental alienation and continued the suspension of Petitioner's parental rights. Judge Conlin awarded $6,000 in attorney fees to opposing counsel.

Petitioner subsequently filed a writ of quo warranto with the Washtenaw County Circuit Court, challenging Judge Conlin's jurisdiction to deprive Petitioner of his parental rights without due process. He also moved to disqualify Judge Conlin. Judge Adrianne E. Slay denied the motion on January 15, 2025. Petitioner claims that, on January 25, 2025, Judge Slay suppressed evidence that "exonerated Petitioner," that she relied on impeached testimony, and that she continued the deprivation of Petitioner's parental rights.

At some point, the Washtenaw County Circuit Court garnished Petitioner's wages to collect money for child support.

On December 9, 2024, Petitioner filed a writ of mandamus with the Michigan Court of Appeals. It is unclear whether any ruling has been issued by that court. There is no allegation that Petitioner has pursued additional remedies with Michigan's appellate courts.

In this lawsuit, Petitioner challenges the decision by the Washtenaw County Circuit Court to terminate his parental rights, to award custody of the child to the mother, to order the payment of child support, and to garnish his wages.[1]

## II. ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The Sixth Circuit, in fact, long ago indicated that it "disapprove[s of] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. Id.

---

[1] Petitioner has filed several lawsuits in this Court related to his custody and parental rights disputes. See McGough v. McCloskey, No. 24-cv-13350, 2025 WL 87699 (E.D. Mich. Jan. 13, 2025); McGough v. Washtenaw, County of, No. 25-cv-11226 (E.D. Mich.); McGough v. Conlin et al, No. 24-cv-13352 (E.D. Mich.). He also attempted to remove a state-court criminal prosecution to federal court. People of the State of Michigan v. McGough, No. 25-12241 (E.D. Mich.).

at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  Id.  District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241.  See, e.g., Perez, 157 F. Supp. 2d at 796 (additional citations omitted).

In Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 516 (1982), the United States Supreme Court held that 28 U.S.C. § 2254 does not confer federal court jurisdiction to consider collateral challenges to state court judgments that involve the termination of parental rights.  The Supreme Court noted that "federal habeas has never been available to challenge parental rights or child custody."  Id. at 511.  The Supreme Court determined that "[f]ederalism concerns and the exceptional need for finality in child-custody disputes" were strong arguments against granting habeas relief in parental termination cases.  Lehman, 458 U.S. at 512.  The Supreme Court concluded by indicating that:

> The State's interest in finality is unusually strong in child-custody disputes.  The grant of federal habeas would prolong uncertainty for children such as the Lehman sons, possibly lessening their chances of adoption.  It is undisputed that children require secure, stable, long-term, continuous relationships with their parents or foster parents.  There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current "home," under the care of his parents or foster parents, especially when such uncertainty is prolonged.  Extended uncertainty would be inevitable in many cases if federal courts had jurisdiction to relitigate state custody decisions.

Id. at 513–514.

Petitioner thus cannot obtain habeas relief regarding the issues of his parental rights or child custody.  See Hall v. Beast, 116 F. App'x 557, 559 (6th Cir. 2004); see also Ponder v. Allison, 80 F. App'x 385, 386 (6th Cir. 2003) (district court lacked jurisdiction to alter child custody decree entered by state court and therefore it correctly dismissed mother's habeas corpus petition).  Petitioner cannot challenge the assessment of child support in a habeas action either.  See Jones v.

Carter, 646 F. Supp. 3d 1046, 1047 (D. Neb. 2022).  Finally, Petitioner cannot challenge the writ of garnishment because there is no authority that a writ of garnishment targeting a person's wages qualifies as "custody" under the habeas statutes.  Danzer v. Meyer, No. 320CV06130BJRJRC, 2020 WL 7122849, at *2 (W.D. Wash. Dec. 4, 2020).

Accordingly, the Court summarily dismisses the habeas petition for failing to state a claim upon which relief can be granted.

The Court will also deny a certificate of appealability to Petitioner.  28 U.S.C. § 2253 governs appeals in habeas corpus proceedings.  Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition.  See § 2253(c)(1)(A); Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 372 (6th Cir. 2001) (stating that a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); Winburn v. Nagy, 956 F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

For the reasons stated in this opinion, the Court denies a certificate of appealability because jurists of reason would not find debatable this Court's conclusion that Petitioner cannot seek habeas relief to challenge the termination of his parental rights or other custody issues.  See, e.g., Stumpf v. NYS Dep't of Child Prot. Servs., 605 F. Supp. 3d 503, 505–506 (W.D.N.Y. 2022).  The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.  See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## III.  CONCLUSION

Accordingly, the petition for writ of habeas corpus is summarily denied.  The order for referral to the magistrate judge (Dkt. 9) is vacated.  A certificate of appealability is denied and Petitioner is denied leave to appeal in forma pauperis.

**SO ORDERED.**

Dated: November 12, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager

6